## Shryock, Trustee, Etc., v. Cannon.

1.  HUSBAND AND WIFE: *Deed to wife: Mortgage: Acknowledgment.*
    A deed executed to a married woman, before the adoption of the Constitution of 1874, which contains no words making the land her separate property, or excluding the common law marital rights of the husband, vests in her the fee, and in him the right to the rents and profits during the coverture; and a subsequent mortgage of it by them, though void as to the wife for want of proper acknowledgment, will be good as to the husband.

2.  SAME: *Husband's rights in wife's lands—Constitution of 1874.*
    The Constitution of 1874 did not, and could not, divest the vested marital rights of the husband acquired in lands of the wife before its adoption.

3.  ACKNOWLEDGMENT. *By wife: What necessary.*
    A certificate of a married woman's acknowledgment of a deed which fails to show that it was made "in the absence of her husband," or "for the purposes therein contained and set forth," is fatally defective.

APPEAL from *Lonoke* Circuit Court in Chancery.

Hon. J. W. MARTIN, Circuit Judge.

*Trimble & Chapline*, for appellants:

No privy examination of the wife was necessary. *Constitution 1874, art. 9, sec. 7 ; 35 Ark., 480 ; 36 ib., 355.*

*John C. England,* for appellee:

1. The deed was void for uncertainty of description. *3 Wash. Real Prop., ch. 5, sec. 4 par. 23–37–40 ; 35 Ill., 391 ; 24 ib., 647; 44 Mo., 247 ; 41 N. H., 337.*

2. Fraud is any cunning artifice or deception used to circumvent, cheat or deceive another. Artifice and deception were used to procure appellee's signature to the deed and is not void. *3 Lead. Cas. Eq., 125, et seq.; 1 Story Eq. Jur., sec. 239 ; 13 Penn. St., 359; 32 Ala., 99 ; 116 Mass., 227 ; 59 Mo., 125 ; 39 Tex., 76 : 19 Cal., 302.*

ENGLISH, C. J.  On the seventh of January, 1867, W. F. Ross, by deed of that date, conveyed to Sarah J. Cannon the northwest quarter of section fourteen, in township four north, range nine west, 160 acres, then situated in Prairie County, and afterwards in Lonoke County.  The deed recited that the purchase price was paid of money belonging to the separate estate of the grantee (who was the wife of D. J. Cannon), but there were no words in the grant to exclude the marital rights of the husband.  The deed was acknowledged and recorded.

On the twenty-ninth of March, 1878, D. J. Cannon and wife, Sarah J., executed to Shryock & Rowland two notes for $150 each, one payable the first of January, 1879, and the other the first of January, 1880.

On the day that the notes were made, Mrs. Cannon joined her husband in the execution of a deed of trust to

Shryock, as trustee for Shryock & Rowland, to secure the payment of the above notes, thereby conveying to the trustee "part of the northwest quarter of section fourteen (14), township four (4) north, range nine (9) west, containing one hundred and twenty acres, more or less;" county and State not named, and no other description of the land than that made by the words and figures quoted from the deed.

There was a provision in the deed that on default of payment of the notes at maturity, the trustee might sell the land, etc.

The execution of the trust deed was acknowledged, substantially in good form, before a notary public of Lonoke County, by D. J. Cannon, but Mrs. Cannon did not acknowledge its execution in the manner required by the statute.

The certificate of acknowledgment was as follows :

"STATE OF ARKANSAS,
County of Lonoke.

"Personally appeared before me, W. S. Brown, a notary public, in and for the county of Lonoke, this day, D. J. Cannon and his wife, S. J. Cannon, to me well known to be the grantors in the foregoing deed, and D. J. Cannon acknowledged that he signed the same for the consideration and purposes therein contained; and S. J. Cannon, on her part, acknowledged that she signed and sealed the same of her own free will, without compulsion or undue influence of her said husband.    Given under my hand and seal this twenty-ninth day of March, 1878.

"W. S. BROWN, *Notary Public,*
"*Lonoke County, Arkansas.*"

D. J. Cannon died after the execution of the deed of trust; the trustee threatened to sell the land under the power of sale contained in the deed of trust; and Mrs. Cannon filed the bill in this case to enjoin the sale, and for

the cancellation of the deed, on three grounds : First, that it was void for want of proper acknowledgment by her ; second, for vagueness in the description of the land ; and, third, that she was induced to sign it by fraud and duress.

Shryock & Rowland answered, and made their answer a cross-bill, praying foreclosure of the trust deed, and sale of the land, etc.

Mrs. Cannon answered the cross-bill, and, upon the final hearing, the court decreed the trust deed to be null and void as to Mrs. Cannon, because its execution was not acknowledged by her, as required by the statute ; and also found, from the depositions read at the hearing, that the notes were void at law, as to Mrs. Cannon, and were not a charge upon her estate, because the consideration upon which they were made was not for its betterment or for her personal benefit; and canceled the deed of trust.

Shryock & Rowland appealed.

I. The land attempted to be described in the deed of trust was no doubt part of the tract conveyed to appellee by W. F. Ross on the seventh of January, 1867. The conveyance vested the title to the land in her, but contained no words to make it her separate estate, or to exclude the common law marital rights of her husband. She held the fee under the conveyance, and he the right to the rents and profits during the coverture. There is no showing that she ever scheduled the land, as provided by the statute then in force (*Gould's Digest, chap. 3, secs. 1, 7*), or any subsequent statute. See *Gantt's Digest, sec. 4201*.

At the time of the adoption of the Constitution of 1874, her husband was living, and had an interest in the land, which was not, and could not be thereby divested. *Tiller & Taylor et al. v. McCoy, 38 Ark., 91*.

The notes, and the deed of trust to secure their payment, executed twenty-ninth of March, 1878, were valid as to

1. HUSBAND AND WIFE: Deed to wife. Mortgage. Acknowledgment.

2. SAME: Husband's rights in wife's lands. Constitution of 1874.

the husband, the latter conveying to the trustee, for the purposes of the trust, his interest in the land. But, when the bill in this case was filed, he had departed this life, his use in the land had terminated, and the land was the property of appellee.

3. Acknow-
ledgment
by wife.
What nec-
essary.

She joined her husband in the trust-deed, but she did not acknowledge its execution in the mode required by the statute to make it a valid conveyance by her.

The certificate of the notary fails to show that she acknowledged its execution "in the absence of her husband," and "for the purposes therein contained and set forth," two fatal defects. *Gantt's Digest, sec. 849; Stilwell and wife v. Adams et al. exrs., 29 Ark., 346; Ford v. Burks et al., 37 ib., 91; Little, Trustee, v. Dodge, Guardian, etc., 32 ib., 453.*

Affirmed.